# Wytheville.

## TENCH v. ABSHIRE.

### JUNE 19th, 1894.

1. APPELLATE PRACTICE—*Evidence not certified—Roads.*—On appeal from judgment of circuit court affirming judgment of county court confirming report of viewers in proceedings to open a road, awarding one dollar for the taking of half an acre of land, where the evidence is not certified: *held*, such will be presumed to be the value of the land taken.

2. ROADS—*Report of viewers.*—Viewers' report in proceedings to establish a road need not state width and grade of the road, especially where a diagram is returned with the report.

3. IDEM—*Notice to land-owners—Appearance.*—Where all parties interested in the establishment of a road are either notified or appear and waive notice, no objection for want of notice can be made.

4. IDEM—*Location of gates.*—Where order establishing road provides that the applicant shall erect and maintain gates at every point at which the road crosses the land owner's fence, such order is not defective for want of particularity.

Error to judgment of circuit court of Franklin county, rendered May 19, 1893, affirming a judgment of the county court of that county, in a proceeding wherein J. L. Abshire was plaintiff and Salina A. Tench and others were defendants, the object of which proceeding was the establishment of a road, under chapter 43 of the Code. Opinion states the case.

*P. H. Dillard*, for appellant.

*E. W. Sanders*, for appellee.

LEWIS, P., delivered the opinion of the court.

Opinion.

1. The first objection is that the sum allowed the appellant for the land actually taken is inadequate. It seems that the land so taken did not exceed one-half acre, and the sum allowed was one dollar. The appellant being dissatisfied with the report of the viewers, commissioners were appointed to assess the damages, under section 951 of the Code, who agreed with the viewers as to what was a just compensation, and their report was confirmed. An appeal was thereupon taken to the circuit court, and the judgment of the county court affirmed. The evidence is not certified, and in this condition of the record we must presume that the sum awarded was adequate.

2. The next point is that the report of the viewers ought to have been quashed, because the width and grade of the proposed road is not given, and because no map or diagram was returned with the report. In point of fact a diagram was returned with the report, which appears in the transcript; nor is there any requirement of the statute that the width and grade of the road shall be stated in the report. The second objection, therefore, like the first, is untenable.

3. So, also, is the third, viz: That notice was not given to the proprietors and tenants of the lands on which the road was established, as required by section 949 of the Code. The appellant herself had notice, and appeared and contested the application; and the other proprietors and tenants afterwards came into court, and waived notice, which is all that need be said on this point.

4. The fourth and last assignment of error is as follows: "The order establishing the road is erroneous in this, also: that it is incomplete, and leaves petitioner (the appellant) absolutely in the power of her adversary. He is to open the road, and erect necessary gates to be determined upon by himself." "Now where," it is asked, "is he to put these gates?" This question is answered by the order itself, which provides that the appellee shall erect and maintain gates at every point at which the road crosses a fence of the appellant.

Opinion.

It is needless to say more. Enough has ben said to show that the points made by the appellant are not only untenable, but frivolous.

JUDGMENT AFFIRMED.

NOTE BY REPORTER.—For a discussion of the question of the constitutional right to condemn lands for private roads, see note to case of *Hatch County* v. *Peterson* (Idaho), 16 L. R. A., 81.